[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a matter claiming a dissolution of marriage, custody and other relief dated October 15, 2001. The return date is October 30, 2001. Both parties have appeared through counsel.
The case was tried on a limited contested basis before the court.
The court finds that there was service made in accordance with the applicable statutes, that there is jurisdiction, and further that the allegations of the complaint dated October 15, 2001 have been proved. The date of marriage is amended to be May 15, 1981.
The court further finds the following:
The plaintiff Thomas Wroniak was a police officer for the City of Hartford for approximately twenty-three years. He retired approximately thirty days ago subsequent to the filing of this divorce. During, his time as a police officer he was on patrol duty approximately fifteen years and then was assigned to the pistol range. He claims that his transfer from the pistol range back to patrol duty was the major consideration in his decision to retire. He also claims a disability to his neck, his back and recurring problems with his knees. At present he works as a security guard for the Coca Cola Company. He earns from employment a gross income of $220.00 per week. His potential is to earn up to $264.00 per week at that job. In addition, he earns from his retirement from Hartford Police Department the sum of $823.00 per week. These weekly sums are gross amounts.
The plaintiff is currently forty-five years of age. He admits to having left the marital home some time ago as a result of dissatisfaction with his marriage. At present, aside from his retirement benefits and interest in the marital home, he owns a 2001 Harley Davidson motorcycle with a substantial loan balance. CT Page 16059
The defendant Gina Wroniak is approximately forty-one years of age. She works for an insurance company in the sales and service department. Her gross salary is reported at $325.00 per week. Her assets are primarily the family home which is discussed below. Her liabilities have been discharged through bankruptcy.
The plaintiff and the defendant had purchased a home at 46 Times Farm Road, Andover, Connecticut. The plaintiff testified that the property was purchased in 1990 at "the top of the real estate market" for $250,000.00. He shows that same amount as the fair market value of the property at present. The defendant claims a value of $165,000.00. There is a first mortgage of $171,000.00. The court finds that while the property is in need of significant repair, it's value has not declined by $85,000.00 from the time of it's purchase. The fair market value is found to be $250,000.00.
On or about July of 1997, the plaintiff acted as a co-signer on a loan to Commercial Capital Corporation. The loan was in the amount of $305,000.00 and was secured by a second mortgage on this property. This loan was sponsored by the Small Business Administration. The principal maker on the loan was the defendant Gina Wroniak who signed individually and as the president of F.W. Sawing and Manufacturing Company, Inc. The F.W. Sawing and Manufacturing Company is run and operated by the defendant's father and mother. The proceeds of the $305,000.00 loan did not benefit the plaintiff or the defendant in any direct manner. The testimony offered is that the proceeds were used to purchase property and machinery for the company. The defendant claims that there was an oral promise to fund the child's college education in the event that the business venture was successful. Otherwise, the plaintiff did not receive any proceeds and has no ownership interest in the corporation.
The defendant's unchallenged testimony is that she has never received a salary from this corporation, and has had no input into the day to day operation of this business. She claims that her father asked her to serve as president so that it would appear as if a woman was running the business which might qualify the company for contracts awarded to businesses owned and operated by women. The mortgage securing the loan is in foreclosure. Related lawsuits have been pending since 1999. The defendant wife has declared bankruptcy discharging her responsibility for said loan. She had not informed the plaintiff until recently that the property was in foreclosure.
The marriage of the parties as well as the separation was characterized by anger. Examples of the parties' behavior can be found in the notes the plaintiff would leave for the defendant which were angry, vulgar and CT Page 16060 profane.
The parties have one child named Frank who is approximately 11 1/2 years old. At present, the child enjoys a poor relationship with his father and apparently a good relationship with his mother. There has been some professional intervention in the form of counseling and therapy which has met with limited success. Both parties agree that the child suffers from anger at his father's leaving home. The defendant indicates in addition that the child is scared of his father. Contact has been very sporadic recently and the last visit seems to have been on or about June of 2002 in a therapeutic context.
The court has considered and reviewed the Connecticut General Statutes provisions with respect to custody, parental access, division of property and alimony.
The court enters the following orders:
The marriage of the parties is hereby dissolved.
The parties shall share joint legal custody of the minor child. The primary residence of the child shall be with the defendant wife. The father shall have access and visitation with the minor child initially in a supervised setting. The mother shall register the child forthwith at AMPS or a similar facility on a schedule to be determined by the parties and subject to the approval of the minor child's therapist Dr. Regina Wilson. The parties will cooperate in supervised visitation pursuant to the recommendations of Dr. Wilson. Visitation may be expanded to an unsupervised setting with the agreement of the parties, or by further order of this court having regard to the opinion of the child's therapist and/or other professionals who are involved in the treatment of the parties and the child.
The plaintiff shall pay child support in the sum of $85.00 per week. In addition, he shall be responsible for maintaining medical insurance for the benefit of the minor child. Any unreimbursed or uninsured medical expenses shall be divided by the parties in accordance with the provisions of the Connecticut Child Support Guidelines.
The wife shall have the election of choosing health insurance coverage pursuant to the provisions of COBRA at her expense for the maximum period allowed by that statute.
The plaintiff shall pay alimony in the amount of $25.00 per week to the defendant for a term of ten years. The term shall not be subject to CT Page 16061 modification.
The plaintiff shall claim the minor child as an exemption for income tax purposes. In the event that the plaintiff earns in excess of $25,000.00 a year, she may claim the child for her first year of such earnings, and thereafter the exemption may be alternated in each subsequent year during which she earns said amount. Notice of intention or qualification to claim said exemption shall be provided on or before January 31st of each year.
The plaintiff shall quit claim all of his right, title and interest in the family home to the defendant. The defendant shall execute a mortgage in the amount of $25,000.00, without interest to the plaintiff. Said mortgage shall be payable upon the majority of the minor child, or the sale or refinance of the property. In the event that the property is sold and the net proceeds of that sale are insufficient to provide the defendant wife an amount equal to the $25,000.00 due the plaintiff husband, then the net proceeds of said sale shall be divided equally between the parties.
The plaintiff husband shall convey to the defendant one third of his pension benefit from the Hartford Police Department. The husband shall be entitled to remove his Chevelle automobile from the parties' jointly owned home. He shall remove said vehicle within sixty days from the date of this judgment. If he fails to remove said vehicle by the time allocated, said vehicle shall become the property of the defendant wife.
Each party shall retain the bank accounts and personal property listed on their financial affidavits. Each party shall also pay the debt listed on their respective financial affidavits and hold the other harmless thereon, unless specifically addressed in the terms of this judgment.
The plaintiff shall pay any and all arrears of alimony and child support from the receipt of his first pension/retirement benefits check. The court shall retain jurisdiction as to the issue of said arrears.
BY THE COURT
___________________ Antonio C. Robaina, J CT Page 16062